

VENABLE LLP | 1290 AVENUE OF THE AMERICAS
20TH FLOOR | NEW YORK, NY 10104
T +1 212.218.2100  F +1 212.218.2200  Venable.com

April 13, 2022

T 212.370.6240
F 212.218.2200
KMNawaday@Venable.com

**BY ECF**

The Hon. Mary Kay Vyskocil
U.S. District Court, Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/14/2022

Re: ***Greater Chautauqua Federal Credit Union, et al., v. Marks, et al.*, Dkt. No. 1:22-cv-02753 (MKV)**

Dear Judge Vyskocil,

Plaintiffs write in opposition to the letter motion of Defendant Marks, filed on April 13, 2022 (ECF No. 34) and to request permission to file a brief reply in support of Plaintiffs' motion for a preliminary injunction.

Granting Defendant Marks' request would operate as a denial of Plaintiffs' motion for a preliminary injunction. Defendant Marks requests an extension for filing his opposition to Plaintiffs' motion for a preliminary injunction up to and including May 16, 2022, well after April 30, 2022, the effective date of the amendment to Section 5004 of the New York Civil Practice Law and Rules. By virtue of the amendment going into effect, the Plaintiffs will be irreparably harmed: the accrued interest will be taken, and the Plaintiffs and Class Members will be required to comport with the administrative requirements of the amendment.

As Defendant Marks notes in his letter motion, Defendant Marks and the Plaintiffs had attempted to come to an agreement on a stipulation that would have allowed for the extension Defendant Marks now seeks, while maintaining the status quo during the pendency of the Court's consideration of the motion for a preliminary injunction. Defendant Marks first approached Plaintiffs yesterday afternoon regarding a stipulation that would extend the briefing deadline and maintain the status quo, and Plaintiffs and Defendant Marks discussed potential terms of such a stipulation. Such a stipulation would require, among other things, agreement of all parties. Plaintiffs remain willing to negotiate a stipulation with all Defendants that would maintain the status quo, but absent such an agreement, time is of the essence and any delay that would result in the amendment being enforced prior to the resolution of the Plaintiffs' preliminary injunction motion would significantly prejudice Plaintiffs.



 

Further, because Defendant Marks has joined the brief of the Defendant Sheriffs, all Defendants have responded to the motion.  Accordingly, the Court should deny Defendant Marks' request.

Plaintiffs seek permission also to file a short reply of no more than ten (10) pages by noon on April 18, 2022, addressing the arguments in the opposition brief.  Plaintiffs respectfully request that this case thereafter proceed expeditiously.

Respectfully submitted,

*/s/ Kan M. Nawaday*

Kan M. Nawaday
Emily Seiderman West

*Counsel for Plaintiffs*

cc:     Counsel of record by ECF

---

**The Court is in receipt of the letter filed at ECF No. 34 by Defendant Lawrence K. Marks seeking an extension of time to oppose Plaintiffs' application for a preliminary injunction.  The Court is also in receipt of the letter filed at ECF No. 36 by Plaintiffs seeking leave to file a short reply.  IT IS HEREBY ORDERED that Defendant Lawrence K. Marks shall file any opposition to Plaintiffs' application on or before April 18, 2022 at 12:00pm.  Plaintiffs are granted leave to file a reply, not to exceed ten pages, on or before April 18, 2022 at 12:00pm.  IT IS FURTHER ORDERED that, on or before April 15, 2022 at 3:00pm, the Parties shall meet and confer with respect to the stipulation referenced in Plaintiffs' letter at ECF No. 36.  SO ORDERED.**

Date:   4/14/2022
New York, New York

Mary Kay Vyskocil
United States District Judge