UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREATER CHAUTAUQUA FEDERAL CREDIT UNION, individually and on behalf of all others similarly situated, | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 7/26/2023 |

GREATER CHAUTAUQUA FEDERAL CREDIT
UNION, individually and on behalf of all others
similarly situated,

BOULEVARD FEDERAL CREDIT UNION,
individually and on behalf of all others similarly
situated,

GREATER NIAGARA FEDERAL CREDIT
UNION, individually and on behalf of all others
similarly situated,

                    Plaintiffs,

          -against-

SHERIFF JAMES B. QUATTRONE, in his official
capacity as Sheriff of Chautauqua County, New York,

SHERIFF JOHN C. GARCIA, in his official capacity
as Sheriff of Erie County, New York,

SHERIFF MICHAEL J. FILICETTI, in his official
capacity as Sheriff of Niagara County, New York,

LETITIA JAMES, in her official capacity as
Attorney General of the State of New York,

                    Defendants.

No. 22 Civ. 2753 (MKV) (JLC)

**STIPULATED CONFIDENTIALITY
AGREEMENT AND [PROPOSED]
PROTECTIVE ORDER**

This Stipulation (the "Stipulation" or "Order") is entered into by and among the undersigned counsel, acting for and on behalf of their respective clients, plaintiffs Greater Chautauqua Federal Credit Union, et al. ("Plaintiffs") and Defendants Sheriff James B. Quattrone, Sheriff John C. Garcia, Sheriff Michael J. Filicetti ("Sheriff Defendants"), and Attorney General Letitia James ("AG James") (collectively, "Defendants") in the above-captioned proceeding (the "Action"). Plaintiffs and Defendants are each referred to as a "Party" and collectively as the "Parties."

WHEREAS, it appearing that discovery in the above-captioned Action is likely to involve the disclosure of confidential information; and

WHEREAS, the Parties, as well as their representatives, agents, experts and consultants, and all other interested persons with actual or constructive notice of this Stipulation and Order, have agreed to be bound by its terms;

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND, UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:**

1.      Any Party to this Action and any nonparty producing documents or information in this Action (a "Producing Person") may designate any information, document, or thing, or portion of any document or thing, that the Producing Person and his, her or its counsel certify in good faith constitutes or contains trade secrets or confidential, research, development or commercial information, and/or private, financial, proprietary, personal, and/or business information of the Parties or nonparties ("Confidential Information") (such a designation shall be evidence of the certification required), as "Confidential Discovery Material." The Producing Party may designate information as Confidential Discovery Material as follows:

      a.      Documents may be designated as Confidential Discovery Material by (i) affixing a "CONFIDENTIAL" legend on the document or material containing such information and upon each page thereof so designated if practicable, or, in the case of documents produced electronically in their native format, affixing a "CONFIDENTIAL" legend on the single-page placeholder corresponding to such document; and (ii) designating the document as "Confidential" in the confidentiality metadata field for such document.

      b.      Written discovery responses may be designated as Confidential Discovery Material by affixing a "CONFIDENTIAL" legend on the document or material containing such information and upon each page thereof so designated if practicable.

c.     With respect to magnetic disks or other computer-related or electronic media, designations shall be made by labeling each disk "CONFIDENTIAL" prior to production. In the event that anyone other than the Producing Person generates a "hard copy" or printout from any disk so designated, each page of the hard copy or printout must be treated as Confidential Discovery Material pursuant to the terms of this Order.

d.     Deposition or other testimony may be designated as Confidential Discovery Material by making a designation on the record during the deposition or other testimony, and thereafter by sending the other Party or Parties a letter designating the portions of the transcript and any exhibits thereto that constitute Confidential Discovery Material (a "Designation Letter") within thirty (30) days after receipt of the official transcript of the deposition or other testimony. Unless any of the exceptions in Paragraph 11 apply, exhibits marked at any Deposition may be designated as Confidential Discovery Material by making a designation on the record during the deposition or other testimony and by sending a Designation Letter within thirty (30) days after receipt of the official transcript of the deposition or other testimony. If a Party fails to designate Confidential Discovery Material on the record during the deposition or other testimony, it may still designate the testimony or exhibits as Confidential Discovery Material by sending a Designation Letter within thirty (30) days after receipt of the official transcript of the deposition or other testimony. The portions of deposition testimony and/or any exhibits thereto that are designated as including Confidential Discovery Material shall be treated as Confidential Discovery Material under this Order. Until receipt of the Designation letter,

3

transcripts shall be treated as Confidential Discovery Material in their entirety from the date of the deposition or testimony until the receipt of the Designation Letter or the expiration of the thirty (30) day period following receipt of the official transcript of the deposition or testimony, whichever occurs first. If the Party who defended the deposition or otherwise controls the confidentiality of the testimony (the "Defending Party") fails to send a Designation Letter within the thirty (30) day period following receipt of the official transcript of the deposition or testimony, the transcript will be treated as non-confidential pursuant to the terms of this Order.

e.      Other materials may be designated as Confidential Discovery Material by affixing a "CONFIDENTIAL" legend in a conspicuous place in or on the material in question.

2.      All Confidential Discovery Material shall be used by the Party to whom Confidential Discovery Material was produced (a "Receiving Party") solely for purposes of the prosecution or defense of this Action, shall not be used by the Receiving Party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the Receiving Party to anyone other than those set forth in Paragraph 3, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. These restrictions on the use and dissemination of Confidential Discovery Material, and any other applicable restrictions imposed by this Order, shall survive the termination of the Action. No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by counsel of record for each Producing Person or by an Order of the Court.

3.      Confidential Discovery Material may not be disclosed to any person except to:

a.      Counsel of record for the Plaintiffs and the Sheriff Defendants and to partners, associates, and staff of such counsel's law firms, or others

4

(including litigation support personnel) who are assisting counsel of record in the Action.  Similarly, in the case of AG James, Confidential Discovery Material may be disclosed only to attorneys and litigation support personnel assisting counsel of record for AG James within the New York State Office of the Attorney General in the Action.

b.    Photocopy services, electronic discovery vendors, document review service providers, or similar service providers assisting counsel for the Parties in this Action and who are subject to confidentiality agreements.

c.    Parties and, if applicable, their officers, directors, and employees (including in-house counsel) to whom disclosure is reasonably necessary for this Action and who are subject to confidentiality obligations.

d.    Court reporters and videographers engaged for depositions in the Action.

e.    Any nonparty witness or prospective nonparty witness who may be testifying at a deposition, hearing, or trial of the Action, provided that such person first is advised of and agrees to be bound by the provisions of this Order, either on the record at such deposition or by executing a copy of the Confidentiality Acknowledgment attached hereto as **Exhibit A** (the "Confidentiality Acknowledgment").

f.    Consultants, investigators, or experts retained by the Parties or counsel for the Parties to evaluate or assist in the preparation or presentation of this case and trial of the Action, provided that any of the foregoing in this Paragraph 3(f) have first read and executed a copy of the Confidentiality Acknowledgement.

g.   The Court (or other adjudicative body) and its personnel and jurors in the course of judicial or other legal proceedings in the Action (including any appeals), subject to the provisions set forth in Paragraph 7 below.

4.   If a "Receiving Party" wishes to disclose any material designated as Confidential Discovery Material to any person other than those set forth in Paragraph 3 of this Order, permission to disclose the material must be requested from the Producing Person in writing, except as stated in Paragraph 14, below.  If the Producing Party consents to such disclosure, the person to whom such disclosure was made shall read and execute a copy of the Confidentiality Acknowledgment prior to disclosure.  If the Producing Person objects to the proposed disclosure, no such disclosure shall be made unless, upon motion by the Party requesting such permission, this Court enters an order permitting disclosure.

5.   Nothing in Paragraph 3 shall limit any Party's ability to disclose Confidential Discovery Material to any person who authored or in the good faith belief of the Party may have received such Confidential Discovery Material, provided that such person first is advised of and agrees to be bound by the provisions of this Order, either on the record at such deposition or by executing a copy of the Confidentiality Acknowledgment.

6.   Except as provided in Paragraphs 3 and 4 above, any recipient of Confidential Discovery Material shall keep all Confidential Discovery Material designated by a Producing Person secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

7.   A party seeking to file with the Court any of that party's own Confidential Information shall comply with the applicable procedures of Section 9(B) of the Court's Individual Rules of Practice in Civil Cases for filing under seal, and shall be responsible for making the necessary showing to the Court to obtain such relief.  A party seeking to file with the Court any Confidential Information of the other party shall, at least five (5) business days prior to such filing,

provide written notice to the other party of the intent to file such Confidential Information with the Court. The party whose Confidential Information is sought to be filed shall have three (3) business days from the date of such notice to provide the other party with all of the information required by Section 9(B) of the Court's Individual Rules of Practice in Civil Cases so that the filing party can comply with such requirements. If the party whose Confidential Information is sought to be filed fails to timely do so, then the other party shall be entitled to file the Confidential Information identified in the notice with the Court in the normal course without filing it under seal, and such filing shall not in any way be deemed to be a violation of this Order.

8.      The failure to designate materials as Confidential Discovery Material in accordance with this Order shall not constitute a waiver of (1) any Party's or nonparty's right to make such a designation; (2) any Party's or nonparty's right to object to discovery on the ground that the requested discovery seeks information requiring additional protections beyond those provided in this Order; (3) any Party's or nonparty's right to object to discovery on any other ground, including, but not limited to, attorney client privilege and attorney work product; (4) any Party's right to seek an order compelling discovery with respect to any discovery requests; and (5) any Party's right at any proceeding or hearing to object to the relevance or admissibility of any evidence on any ground. Further, a Party's consent to this Order shall not operate as or be deemed an admission by such Party that any Discovery Material that has been designated as Confidential Discovery Material by another Party contains or reflects Confidential Information.

9.      A designation of confidentiality may be challenged at any time, and the failure to object to a designation at a given time shall not preclude a subsequent challenge of a designation or the filing of a motion at a later date challenging the propriety thereof. Prior to making any motion, the Party seeking to challenge a confidentiality designation shall provide a written request for re-designation to the Producing Person, setting forth the particular grounds for the request as to each document, or class of documents, at issue. The Producing Person shall have seven (7)

7

business days to respond to the request. If the Producing Person does not respond to the request within seven (7) business days, the confidential designation shall be deemed to be withdrawn. If the Producing Person responds to the requested re-designation within the seven (7) business day period, and declines to re-designate, the challenging Party may seek a ruling from the Court, in accordance with L. Civ. R. 6.1(a) and the Court's Individual Rules, that such information should not be treated as Confidential Discovery Material, provided that no Confidential Discovery Material shall be filed in the public record prior to such a determination by the Court. With respect to any Discovery Material that is re-designated or ceases to be subject to the protection of this Order, the Producing Person shall, at its expense, provide to each Party that so requests additional copies thereof from which all confidentiality legends or labels have been removed. Nothing herein is intended to shift the burden of proof with respect to the issue of the appropriate designation of Confidential Discovery Material. The Producing Party shall maintain the burden of proof of establishing the confidentiality of information or material designated as Confidential Discovery Material.

10.      Nothing in this Protective Order shall prejudice the rights of any Party to contest the alleged relevance, admissibility, or discoverability of information or documents designated as Confidential Discovery Material.

11.      A copy of this Order shall be served with any subpoena in the Action compelling the production of documents or information from any nonparty and this Order shall apply to and be deemed incorporated in such subpoena or deposition notice.

12.      The restrictions and obligations set forth in this Order relating to materials subject to this Order shall not apply to any documents or information that (i) is or has become public knowledge or is publicly available other than as a result of disclosure by a Receiving Party, or (ii) is in the Receiving Party's legitimate possession independently of the Producing Person. Such

8

restrictions and obligations shall not be deemed to prohibit discussions of Confidential Discovery Material with any person if such person already has legitimate possession thereof.

13.     Pursuant to Federal Rule of Evidence 502, any inadvertent production of materials protected by any privilege or immunity, including but not limited to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity ("Privileged Materials"), shall not be deemed a waiver of said privilege or immunity provided that the Producing Person notifies the Receiving Party of the inadvertent production within a reasonable time under the circumstances.  In the event that any Producing Person discovers it has produced Privileged Materials, the Producing Person may demand return or destruction of all copies of the Privileged Materials by providing written notice of the demand to the Parties to which the Privileged Materials were produced.  The notice shall set forth the basis for the claimed privilege.  Upon receipt of such notice, the Receiving Party shall promptly either return or destroy all copies of the Privileged Materials and confirm in writing to the Producing Person that it has done so, or object in writing to the claim of Privilege.  In the event of such an objection, the Producing Party shall promptly move the Court for a determination that the Privilege applies and has not been waived, and the Receiving Party must not use the at-issue materials in any way prior to the Court issuing such a determination. The failure to so move shall be deemed to be a waiver of any claimed Privilege.  The Producing Person shall promptly identify the returned document on a privilege log.  Nothing in this Paragraph shall be construed to prevent the Receiving Party from thereafter moving to compel production of the Privileged Materials if it believes that the materials are not in fact privileged or otherwise subject to an immunity.  Nothing in this Paragraph shall affect the applicable substantive law governing which Party (or nonparty) bears the burden of proving privilege or immunity.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or

segregation of privileged and/or protected information before production. Nothing in this paragraph is intended to or shall revive any Privilege that has previously been waived.

14.    This Order shall not prevent any Party from applying to the Court for relief from or modifications of, the provisions of this Agreement, or from applying to the Court for further or additional protective orders.  Nothing herein shall prevent any Party from disclosing its own Discovery Material, including Confidential Discovery Material, in any manner that it considers appropriate.

15.    In the event that a Receiving Party is requested or required (through discovery, subpoena, civil investigative demand, a request under the New York Freedom of Information Law or other similar legal or investigative process) to disclose Confidential Discovery Material produced by a Producing Person, including but not limited to Confidential Discovery Material, the Receiving Party shall provide the Producing Person with written notice within five business days of any such request or requirement so that the Producing Person may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Order in respect of such request or requirement. If, in the absence of a protective order or other remedy or the receipt of a waiver by the Producing Person, a Receiving Party is nonetheless, in the opinion of its counsel, legally compelled to disclose such Confidential Discovery Material or else stand liable for contempt or suffer other censure or significant penalty, the Receiving Party may, without liability under this Order, disclose only that portion of the Confidential Discovery Materials that its counsel advises it is legally required to disclose, and then only with as much prior written notice to the Producing Party as is practicable under the circumstances.

16.    Within sixty (60) days after entry of an order finally and conclusively terminating the Action (including any appeals), all Confidential Discovery Material subject to this Order, shall be returned to the Producing Person or destroyed by the Receiving Party (the decision as to returning, on the one hand, or destroying, on the other, being at the sole option of the Receiving Party), which

shall provide a signed confirmation of compliance with the provisions of this Paragraph within sixty (60) days of receipt of a written request by the Producing Person, which demand shall be made no sooner than sixty (60) days after the conclusion of the Action. Notwithstanding the foregoing, (1) outside or litigation counsel for the Parties shall be permitted to retain copies of deposition and trial transcripts, pleadings, motions and other submissions, and discovery requests and responses containing Confidential Discovery Material, and (2) Confidential Discovery Materials stored in automated computer backup systems in the regular course of business shall not be required to be returned or destroyed so long as the provisions of this Order shall continue to apply to such Confidential Discovery Material. With respect to material subject to this Order in the possession of third parties, counsel will undertake their best efforts to recover all such material from third parties. The Court is under no obligation to return or destroy any material filed with the Court.

17.    All notices required by this Order may be served by e-mail to the e-mail addresses of counsel as set forth in their signature blocks below by the date on which notice is required. The date by which a Party receiving a notice shall respond, or otherwise take Action, shall be computed from the close of the date that the e-mail was received in the office of counsel. Any of the notice or response requirements herein may be waived, in whole or in part, by written stipulation of counsel of record without further Order of the Court.

18.    The production of Confidential Discovery Material prior to the Court's entry of this Order shall be governed by the terms of this Order to the same extent and with the same force as that material produced after its entry as a Court order.

19.    All persons bound by this Order are hereby notified that if this Order is in any manner violated, the person or entity who commits such violation may be subject to such sanctions as the Court deems appropriate.

20.     This Order may be modified, and any matter related to it may be resolved, by stipulation of counsel of record.  Any such modification shall only be effective if reflected in a writing signed by counsel of record for the Parties and approved by the Court.

21.     This Order is not binding on the Court or Court personnel. The Court reserves the right to modify it at any time.

[*remainder of page intentionally left blank; signature block on following page*]

Dated: July 25, 2023
Counsel for the Parties:


**VENABLE LLP**                                    **HODGSON RUSS LLP**

By: ___/s/ Kan M. Nawaday_____              By: ___/s/ Aaron M. Saykin_____
    Kan M. Nawaday, Mitchell                            Daniel A. Spitzer & Aaron M. Saykin
    Mirviss, Liz C. Rinehart, &                          dspitzer@hodgsenruss.com
    Emily Seiderman West                                asaykin@hodgsenruss.com
    kmnawaday@venable.com                               Tel: (716) 848-1420 / (716) 848-1345
    mymirviss@venable.com
    ecrinehart@venable.com                          *Attorneys for Sheriff*
    eawest@venable.com                              *Defendants*
    Tel: (212) 370-6240 / (410)
    244-7412 / (410) 244-4646 /
    (212) 503-9813


    *Attorneys for Plaintiffs*


                                 **LETITIA JAMES**
                                   Attorney General
                                   State of New York

                                 By: ___/s/ Michael A. Berg_____
                                    Michael A. Berg
                                    Mark S. Grube
                                    michael.berg@ag.ny.gov
                                    mark.grube@ag.ny.gov
                                    Tel: (212) 416-8651 / (212) 416-8962

                                   *Attorneys for Attorney*
                                   *General Letitia James*


**SO ORDERED, this** _26th_ **day of** _____July_____, 2023:


Mary Kay Vyskocil

Honorable Mary Kay Vyskocil
United States District Judge

13

**EXHIBIT A**

**CONFIDENTIALITY UNDERTAKING**

I have read the Stipulated Confidentiality Agreement and Protective Order (the "Protective Order")  so-ordered  and  entered by the Court in *Greater Chautauqua Federal Credit Union, et al. v. Quattrone, et al.*, Case No. 22-CV-2753 (MKV), pending in the United States District Court for the  Southern  District  of  New  York,  concerning  the  confidentiality  of  information  in  the  above referenced proceeding.  I understand that the Protective Order is a Court order designed to preserve the confidentiality of certain confidential information.  I also understand that the Protective Order restricts the use, disclosure and retention of such confidential information and also requires the safeguarding and return of documents and other materials containing confidential information.

I agree to comply with all provisions of the Protective Order described above with respect to any information designated as Confidential Discovery Material that is furnished to me. I hereby consent to the personal jurisdiction of the United States District Court, Southern District of New York, for any proceedings involving the enforcement of that Protective Order.

EXECUTED this ____ day of _____, 202__.

_____
Name (Please Print)

_____
Signature

_____
Present Employer or Other Business Affiliation

_____
Business Address