UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/3/2024
```

GREATER CHAUTAUQUA FEDERAL CREDIT
UNION, individually and on behalf of all others
similarly situated, BOULEVARD FEDERAL
CREDIT UNION, individually and on behalf of all
others similarly situated, GREATER NIAGARA
FEDERAL CREDIT UNION, individually and on
behalf of all others similarly situated,

                    Plaintiff,

              -against-                                    1:22-cv-2753 (MKV)

SHERIFF JAMES B. QUATTRONE, in his official          **ORDER DENYING
capacity as Sheriff of Chautauqua County, New         MOTION TO QUASH**
York, SHERIFF JOHN C. GARCIA, in his official
capacity as Sheriff of Erie County, New York,
SHERIFF MICHAEL J. FILICETTI, in his official
capacity as Sheriff of Niagara County, New York,
and LETITIA JAMES, in her official capacity as
Attorney General of the State of New York,

                    Defendant.

MARY KAY VYSKOCIL, United States District Judge:

On November 14, 2023, the Cortland County Sheriff, a non-party in this action, filed a

motion requesting that the Court quash a subpoena it received from Plaintiffs seeking the

production of documents, information, and/or objects. [ECF No. 146.] Plaintiffs opposed the

motion, arguing that the Court lacks jurisdiction to rule on the Cortland County Sheriff's motion,

and in the alternative, cross-moved to compel the Cortland County Sheriff to produce documents

in response to the subpoena. [ECF No. 148.] Because compliance is not required in this District,

this Court lacks the power to quash the subpoena or compel production, and the parties' motions

are therefore DENIED without prejudice.

The competing motions to quash and to compel implicate Federal Rule of Civil Procedure

45, which governs subpoenas.  Rule 45(d)(3) provides that "the court for the district *where compliance is required* must quash or modify a subpoena[.]"  Thus, under Rule 45, the power to quash or modify a subpoena belongs to the court for the district where compliance is required." *In re Smerling Litig.*, No. 21-CV-2552 (JPC), 2022 WL 684148, at *2 (S.D.N.Y. Mar. 8, 2022) (internal quotation marks omitted).  "The 'place of compliance' for a non-party subpoena seeking 'documents, electronically stored information and tangible things' is 'a place within 100 miles of where the person resides, is employed, or regularly transacts business in person.' " *Am. Plan Administrators v. S. Broward Hosp. Dist.*, No. 21-MC-2663 (KAM) (TAM), 2021 WL 6064845, at *2 (E.D.N.Y. 2021), *appeal dismissed*, 39 F.4th 59 (2d Cir. 2022) (quoting Fed. R. Civ. P. 45(d)(3)(A)).

Here, the subpoena at issue requires the electronic production of various categories of documents from non-party, Cortland County Sheriff's Office, which is located at 54 Greenbush Street, Cortland, NY 13045.[1]  [ECF No. 148 at 3.]  This Court does not have the power to quash and/or modify the subpoena.  *Smerling Litig.*, 2022 WL 684148, at *2 (denying motion to quash filed in the Southern District of New York because that the subpoenas at issue required compliance in Boca Raton, Florida); *KGK Jewelry LLC v. ESDNetwork*, No. 11-CV-9236 (LTS) (RLE), 2014 WL 1199326, at *2 (S.D.N.Y. 2014) (finding the issuing court lacks "jurisdiction over . . . motion[s] to quash" if it is not also the court where compliance is required).  The Northern District of New York is the proper district to entertain a motion to quash, and the Cortland County Sheriff should have brought its motion in that district.

In its opposition to the motion to quash, Plaintiffs cross-moved in the alternative to compel the Cortland County Sheriff to produce documents in response to the subpoena.  [ECF No. 148.]

---

[1] Plaintiffs assert that to the extent there are documents responsive to the subpoena that can only be produced in hard copy, Plaintiffs will meet and confer with the Cortland County Sheriff regarding a compliance address within 100 miles of the Sheriff's Office, but the County Sheriff has not indicated that there are any such documents to date.

However, Rule 45(d)(2)(B)(i) similarly provides that if a person commanded to produce documents by way of a Rule 45 subpoena objects to the subpoena, "the serving party may move the court for the district *where compliance is required* for an order *compelling* production or inspection." *See also United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 544 (S.D.N.Y. 2016) (remedy for noncompliance to a subpoena is to file a motion to compel in the district where compliance is required). Accordingly, the proper venue for any motion to compel made by Plaintiffs is also the Northern District of New York.

For the foregoing reasons, the Cortland County Sheriff's motion to quash and Plaintiffs' cross-motion to compel are both DENIED without prejudice. The Clerk of Court is respectfully requested to close docket entry numbers 146 and 148.

**SO ORDERED.**

Date:  **January 3, 2024**
      **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**