```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/24/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GREATER CHAUTAUQUA FEDERAL
CREDIT UNION, *individually and on behalf of all others similarly situated*, BOULEVARD
FEDERAL CREDIT UNION, *individually and on behalf of all others similarly situated*,
and GREATER NIAGARA FEDERAL
CREDIT UNION, *individually and on behalf of all others similarly situated*,

                    Plaintiffs,

-against-

SHERIFF JAMES B. QUATTRONE, *in his official capacity as Sheriff of Chautauqua County, New York*, SHERIFF JOHN C. GARCIA, *in his official capacity as Sheriff of Erie County, New York*, SHERIFF MICHAEL J. FILICETTI, *in his official capacity as Sheriff of Niagara County, New York*, and LETITIA JAMES, *in her official capacity as Attorney General of the State of New York*,

                    Defendants.

1:22-cv-2753 (MKV)

**<u>OPINION AND ORDER
DENYING WITHOUT
PREJUDICE MOTIONS
FOR SUMMARY JUDGMENT</u>**

---

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiffs Greater Chautauqua Federal Credit Union, Boulevard Federal Credit Union, and Greater Niagara Federal Credit Union, (collectively, "Plaintiffs"), bring this action asserting that the retroactive application of the Fair Consumer Judgment Interest Act, N.Y. Leg. 2021-2022 Reg. Sess., S.5724A § 1, A6474A § 1 (the "Act"), which reduced the statutory default post-judgment interest rate on state-court judgments involving consumer debts from nine percent to two percent, is unconstitutional as-applied to them. Amended Complaint ¶¶ 43–44 ("Am. Compl.," [ECF No. 47]). The Amended Complaint, Plaintiffs' operative pleading, currently names as defendants Attorney General Letitia James, (the "Attorney General"), James B. Quattrone (the Sheriff of

1

Chautauqua County), John C. Garcia (the Sheriff of Erie County), and Michael J. Filicetti (the Sheriff of Niagara County) (the "Sheriff Defendants"), (collectively, "Defendants").

Before the Court are competing motions for summary judgment filed by the Sheriff Defendants, [ECF No. 180], the Attorney General, [ECF No. 183], and Plaintiffs [ECF No. 188]. In support of her motion, Attorney General submitted a memorandum of law in support, [ECF No. 185], and a declaration of Michael A. Berg with fifteen exhibits attached. [ECF No. 184]. While the Sheriff Defendants filed a separate notice of motion for summary judgment, [ECF No. 180] and filed their own counterstatement to Plaintiffs' Rule 56.1 statement, [ECF No. 195], the Sheriff Defendants submitted a two page declaration of their attorney, Aaron M. Saykin, Esq., [ECF No. 180–1], advising the Court that they largely rely on the Attorney General's moving papers.[1] Plaintiffs opposed. [ECF No. 196]. Defendants replied. [ECF No. 201]. In support of Plaintiffs' motion, they submitted a memorandum of law, [ECF No. 190], and a declaration of Kan M. Nawaday with thirty-two exhibits attached. [ECF No. 189]. Defendants opposed. [ECF No. 198]. Plaintiffs replied. [ECF No. 202]. For the reasons discussed below, the competing motions for summary judgment are DENIED without prejudice.

## DISCUSSION

This Court's individual rules of practice clearly state under Rule 5 titled "Special Rules for Summary Judgment Motions" that "the Court will *not* have summary judgment practice *in a non-jury case*." *See* Rule 5(A) (emphasis added). Initially, Plaintiffs filed this action and demanded a jury trial. *See* ECF Nos. 1, 47 ("Plaintiffs Demand Trial By Jury"). However, Plaintiffs subsequently withdrew their demand for a trial by jury. [ECF No. 127]. Therefore, the parties

---

[1] The Sheriff Defendants "incorporate[d] by reference and adopt[ed] the Attorney General's: (1) Local Civil Rule 56.1 Statement of Material Facts . . . (2) Declaration of Michael Berg, with Exhibits A-W . . . and (3) Memorandum of Law in Support of her Motion for Summary Judgment." *See* ECF No. 180-1 ¶ 2.

pending motions for summary judgment in this non-jury case are not in accordance with this Court's Individual Rules of Practice. Although, the Court set a briefing schedule for the parties to file their competing motions for summary judgment, [ECF No. 162], at the time the Court was unaware and the Parties did not remind the Court that Plaintiffs had withdrawn their demand for a jury trial. This non-jury case is ill suited for summary judgment. It appears from a cursory review of the parties' 56.1 statements [ECF Nos. 186, 191], the counterstatements [ECF Nos. 195, 197, 199], and competing briefing that there are disputes of material fact relating to the relevant factors under *Penn Central Transp. Co. v. City of New York.*, 439 U.S. 883 (U.S. 1978). The Court is precluded from making credibility determinations and weighing disputed evidence on summary judgment. *See Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011); *see also Jaegly v. Couch*, 439 F.3d 149, 151 (2d Cir. 2006).

## CONCLUSION

For the reasons detailed above, the pending motions for summary judgment are DENIED without prejudice.

IT IS HEREBY ORDERED that the parties shall appear for a conference on April 2, 2025 at 11:30 AM. The parties should be prepared to discuss settlement efforts (*see* Individual Rules of Practice), the status of the case, and trial.

IT IS FURTHER ORDERED that the motion to seal pending at ECF No. 176 is provisionally granted.

The Clerk of Court is respectfully requested to terminate the motions pending at ECF Nos. 176, 180, 183, and 188.

**SO ORDERED.**

Date: **March 24, 2025**  
**New York, NY**

**MARY KAY VYSKOCIL**  
**United States District Judge**