UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREATER CHAUTAUQUA FEDERAL CREDIT
UNION, individually and on behalf of all others
similarly situated,

BOULEVARD FEDERAL CREDIT UNION,
individually and on behalf of all others similarly
situated,

GREATER NIAGARA FEDERAL CREDIT
UNION, individually and on behalf of all others
similarly situated,

No. 22 Civ. 2753 (MKV) (JLC)

        Plaintiffs,

   -against-

SHERIFF JAMES B. QUATTRONE, in his official
capacity as Sheriff of Chautauqua County, New York,

SHERIFF JOHN C. GARCIA, in his official capacity
as Sheriff of Erie County, New York,

SHERIFF MICHAEL J. FILICETTI, in his official
capacity as Sheriff of Niagara County, New York,

LETITIA JAMES, in her official capacity as
Attorney General of the State of New York,

       Defendants.

# REPLY MEMORANDUM OF LAW IN
## SUPPORT OF AG JAMES'S MOTION *IN LIMINE*

LETITIA JAMES
Attorney General
State of New York
*Attorney for State Defendant*
28 Liberty Street
New York, New York 10005
(212) 416-8651

MICHAEL A. BERG
ADAM YEFET
Assistant Attorneys General

AG James respectfully submits this Reply Memorandum of Law in support of her motion *in limine*, dated April 14, 2025 (ECF Nos. 215-217) (the "Motion"), to preclude the admission at trial of certain evidence that may be proffered by Plaintiffs.[1]

## PRELIMINARY STATEMENT

On April 14, 2025, AG James moved *in limine* to preclude evidence at trial relating to the Act's alleged effects on Plaintiffs' finances or investment-backed expectations that occurred or came to Plaintiffs' attention after the close of fact discovery on February 5, 2024. As set forth in Defendant's Memorandum, the purpose of the Motion is to prevent Plaintiffs from unfairly ambushing AG James at trial with previously undisclosed documents and testimony.

That concern proved well founded. One day after the Motion was filed, Plaintiffs responded by producing three spreadsheets containing data regarding their judgments against consumers, current as of April 8, 2025. This was the first and only supplemental production by Plaintiffs since discovery closed. Indeed, it was the only time Plaintiffs produced updated data concerning their judgments since August 2023, four months before the first of their depositions. Plaintiffs seek to use their newly produced data at trial and to testify about it at trial. More broadly, Plaintiffs seek to testify, without limitation, to any and all asserted consequences of the Act that post-dated the discovery period and to this day have not been disclosed.

Specifically, Plaintiffs state that they do not oppose the Motion, except with regard to: (1) the April 2025 spreadsheets; (2) their recent financial reports ("Call Reports") filed with the National Credit Union Administration, and (3) "any testimony from any witness relating to these

---

[1] Abbreviations and capitalized terms have the same meanings as in the Memorandum of Law in Support of AG James's Motion *In Limine*, filed Apr. 14, 2025 (ECF No. 216) ("Def. Mem."). Plaintiffs' opposing memorandum of law, filed April 28, 2025 (ECF No. 223), is cited as "Opp."

materials and the Plaintiffs' current financial condition *and the current state of affairs with respect to the Plaintiffs' judgments and collections*." Opp. at 1 (emphasis added).

Based on the Opposition and the State's attempts to resolve this matter with Plaintiffs' attorneys, AG James is prepared to modify the Motion to permit the admission in evidence of the newly produced spreadsheets, Plaintiffs' Call Reports through the end of 2024,[2] and fact witness testimony directly referring to those documents or the data therein.

AG James respectfully requests that the Court grant the remainder of the motion to prevent Plaintiffs' witnesses from giving previously undisclosed testimony at trial regarding the Act's alleged impacts on their finances, business practices, and investment-backed expectations. Doing so will prevent Plaintiffs from "sandbagging" AG James with previously undisclosed evidence at trial, and will obviate any need to reopen discovery.

## ARGUMENT

### I.    AG JAMES DOES NOT SEEK TO BAR PLAINTIFFS' UPDATED SPREADSHEETS OR THEIR DECEMBER 2024 CALL REPORTS

Despite Plaintiffs' failure to supplement their data set in the 20 months since August 2023, AG James does not object to the use at trial of their April 2025 spreadsheets, December 2024 Call Reports, or fact witness testimony that directly addresses the data therein.

### II.    PLAINTIFFS SHOULD BE BARRED FROM TESTIFYING TO ANY ALLEGED IMPACTS OF THE ACT THAT WERE NOT DISCLOSED IN DISCOVERY

The Motion demonstrated that parties should be barred from "sandbagging" their adversaries at trial by introducing previously undisclosed evidence. Def. Mem. at 3-4 (citing *N.Y.C. Transit Auth. v. Express Scripts, Inc.*, No. 19 Civ. 5196 (JMF), 2023 WL 3866399, at *1

---

[2]    Plaintiffs have designated their year-end 2024 Call Reports as exhibits. Their counsel have represented that Plaintiffs will not seek to introduce their Call Reports for the first quarter of 2025.

(S.D.N.Y. Feb. 8, 2023) (barring evidence that would "essentially sandbag" defendant) (additional citations omitted).

That concern was heightened by Plaintiffs' decision to wait until after the Motion was filed to supplement their production. The concern is further underscored by the breadth and vagueness of Plaintiffs' statement that they oppose the exclusion of "any testimony from any witness relating to … the current state of affairs with respect to the Plaintiffs' judgments and collections." Opp. at 1. To the extent that Plaintiffs seek to testify regarding the financial information in the spreadsheets and Call Reports produced to date, AG James does not object. But the language in the Opposition is not so limited, and would seemingly allow testimony on a wide range of subjects that do not directly relate to the newly disclosed documents and were not disclosed.

For example, Plaintiffs might attempt to testify that since the close of discovery, the Act has forced them to close branch offices, reduce staff, or alter their lending policies and the interest rates they charge consumers. Plaintiffs also may try to bolster their claim that the Act interfered with their reasonable investment-backed expectations by pointing to actions they have taken since discovery ended.[3] While AG James would challenge all such testimony at trial on grounds of relevance, the more immediate concern is that no such evidence was produced during or after the discovery period, and it should not be allowed at trial. Allowing such testimony at trial would permit Plaintiffs to improperly engage in a "trial by ambush." *See Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 137 (2d Cir. 2023) (affirming exclusion of evidence "to avoid surprise or 'trial by ambush'") (quoting *Ginns v. Towle*, 361 F.2d 798, 801 (2d Cir. 1966)).

---

[3] The specifics of these examples are necessarily speculative, as Plaintiffs have declined to disclose the scope and nature of their anticipated testimony regarding post-discovery developments.

Plaintiffs contend that preclusion is a "harsh remedy." Opp. at 5. But it is necessary, to the limited extent sought by AG James, to avoid unfair surprise and prejudice. In the alternative, the Court should permit AG James to submit her expert's trial declaration several business days after Plaintiffs file their witnesses' declarations. That would permit AG James an opportunity to review Plaintiffs' direct testimony, determine whether it includes any previously undisclosed statements regarding developments that post-dated the close of discovery, and respond accordingly.

## CONCLUSION

For the foregoing reasons and those set forth in Defendant's Memorandum, AG James respectfully requests that the Court issue an order precluding Plaintiffs from introducing evidence at trial, including witness testimony, regarding matters that occurred or came to their attention after February 5, 2024, with the exception set forth in Point I, *supra*, and for such other relief as it deems proper. Alternatively, AG James should be afforded several business days to submit her expert's trial declaration after Plaintiffs have submitted their witnesses' trial declarations so that any previously undisclosed matter can be addressed.

Dated:  New York, New York
       May 2, 2025

LETITIA JAMES
Attorney General
State of New York

By:    *Michael A. Berg*
       Michael A. Berg
       Adam Yefet
       Assistant Attorneys General
       28 Liberty Street
       New York, New York 10005
       (212) 416-8651
       michael.berg@ag.ny.gov

**CERTIFICATION PURSUANT TO LOCAL CIVIL
RULE 7.1(c) OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

The undersigned certifies that, using the Microsoft Word feature called "Word Count" and excluding the cover page, caption and signature block, the Reply Memorandum of Law in Support of AG James's Motion *In Limine*, dated May 2, 2025, contains 1,115 words, fewer than the 3,500-word limit.

Dated:  New York, New York          LETITIA JAMES
         May 2, 2025                    Attorney General
                                       State of New York

                             By:    *Michael A. Berg*

                                     Michael A. Berg
                                     Assistant Attorney General
                                     28 Liberty Street
                                     New York, New York 10005
                                     (212) 416-8651
                                     michael.berg@ag.ny.gov